FRANK PICÓ, Plaintiff and Appellee, v. BLANCA MEJÍA, Defendant and Appellant.

No. 7314.   Argued January 11, 1938.—Decided February 18, 1938.

Pascasio Fajardo Martínez for appellant.   Alfredo Arnaldo Jr. for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

This is an appeal from an order of the lower court refusing, after a decree of divorce for adultery, to regulate the family relations of the children had by the litigants during their marriage.   Judgment was entered by default after the plaintiff introduced his evidence to support the allegations of the complaint.   The lower court said nothing in the judgment with regard to the family relations between the guilty spouse and her minor children and now the defendant petitions that those relations be regulated in accordance with Section 107 of the Civil Code (1930 ed.).

The lower court feels that for the protection of the children's welfare and in the exercise of its discretion, it should not enter any order permitting any kind of relation between the mother and her children.   The court bases its holding on the case of Gorbea v. Látimer, 34 P.R.R. 199, which it believes to be squarely applicable.

In the case cited the district court decreed the divorce in favor of the wife and provided that the children could be taken out by the father from 4 to 6 in the afternoon, every

Wednesday and Saturday. Feeling aggrieved by this order, the father appealed therefrom, alleging that he had been deprived of a right recognized by law to wit, that of continuing his family relations with his children.

This Court, in affirming the decision appealed from, said:

". . . The court which regulated the family relations was the court that decreed the divorce and therefore was in a better position than is this court to weigh the facts. Under such circumstances it can not be held that the court abused its discretion. On the contrary, it must be presumed that in the exercise of its discretion the court took into account the law and the welfare of the children."

The paragraph from Corpus Juris which is copied in the above case does not have the scope apparently given to it by the lower court. According to what is said therein, the right to the custody of children, granted by a divorce decree, does not deprive the other party of the right of access to said children in the absence of an express provision to the contrary. In Puerto Rico, far from there being an express provision to the contrary, the guilty spouse is granted the right to continue family relations with his children in the manner and extent fixed by the court at the time it enters the divorce decree.

The citation from Corpus Juris further states:

"the decree may include a provision permitting the parent deprived of their custody to visit the children under such restrictions as the circumstances may warrant, within the discretion of the court, which discretion should not be abused. The privilege of visitation is not an absolute right, but must yield to the good of the child, although even the guilty party is usually allowed this privilege unless morally unfit to associate with the child. Thus access has been given to an adulterous husband, but not ordinarily to an adulterous wife, at least while she continues her illicit relations with her paramour, although in some jurisdictions the court may give access in its discretion." (19 C. J. 348.)

This citation from Corpus Juris, which is not the *ratio decidendi* of the court in the case cited, can not serve as the basis

on which to prevent the guilty spouse from continuing his family relations with his children. We can not agree with the distinction attempted to be made in that case between the adulterous husband and the wife who is guilty of the same offense. The purpose of the law is not to punish the spouse for the adultery committed, but to decently provide him or her with the means of continuing family relations with his children. No greater harm is caused to the child by visiting the house of the adulterous wife than by visiting the house of the husband who carries on the same sort of life. The danger and example are the same. Both maintain illicit and unlawful relations and there is no reason why greater severity should be shown to the mother than to the father. The association of children with their parents, in addition to making their right to the enjoyment of the latter's company more patent, develops in them an affection for their genitors and helps to form their hearts in an atmosphere of paternal fraternity. These circumstances should not be overlooked by the court in decreeing a divorce and in providing for the custody of the children. There is no bond in life of a more sublime nature than that which springs from the natural relation of love and affection which normally develops between parent and child, regardless of the moral conduct or the race, color, creed or position in life, of the father or mother. *Frazier* v. *Frazier*, 147 So. 464, 466.

In this case the divorce was decreed on the ground of adultery. It was subsequently proved that the wife still maintains her illicit relations with her lover and for this reason the lower court refused to regulate the family relations. No other ground is assigned for depriving the defendant appellant of her rights. The lower court may, within its discretion, adopt measures to allow this mother to continue her family relations with her children without imparing their welfare. The children need not be taken by the mother to her own house. She may see them at the house

of a mutual friend of the spouses or at some other place where the children will be completely protected.

Given the positive provision of our Civil Code, we are of the opinion that the guilty spouse in this case can not be prevented from continuing her family relations with her children solely because of the fact that the divorce was granted on the grounds of the mother's adultery.

As we have said in *Gorbea* v. *Látimer, supra,* to regulate is not to forbid, and in this case the decision of the court *a quo* forbidding without regulating the family relations constitutes an abuse of discretion.

The order appealed from should be reversed and the case remanded to the lower court for the regulation, by said court, of the family relations of the children had by the litigants during their marriage, in accordance with this opinion.